# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES,** | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | |
| | § | Case No. 1:20-CV-00194-RP |
| **$9,800.00, more or less, in United States Currency and $1,097.00, more or less, in United States Currency,** | § § § § | |
| *Respondents* | § | |
| | § | |
| *and* | § | |
| | § | |
| **CARLOS TORRES MUNIZ,** | § | |
| *Claimant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner's Motion for Default Judgment of Forfeiture and Memorandum of Law in Support Thereof, filed May 5, 2021 (Dkt. 21). On July 8, 2021, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 because it is an action commenced by the United States. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1355(a) because it is an action for forfeiture. The Court has *in rem* jurisdiction over Respondents $9,800.00, more or less, in United States Currency and $1,097.00,

more or less, in United States Currency (collectively, "the Respondent Currency") pursuant to 28 U.S.C. § 1335(b) and 1395.

## II. Background

On February 20, 2020, the United States filed a Verified Complaint for Forfeiture seeking forfeiture of the Respondent Currency. Dkt. 1. The United States brought the civil forfeiture action against the Respondent Currency *in rem* for violation of the Controlled Substances Act, 21 U.S.C. §§ 801-971, and pursuant to 21 U.S.C. § 881(a)(6), which states:

> **§ 881. Forfeitures**
>
> (a) Subject property.
>
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . .
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

The United States alleges in the Verified Complaint that the Pflugerville Police Department seized the Respondent Currency from the residence of Diego Martin-Torres (Martin-Torres) and his father, Carlos Torres Muniz (Torres), on September 6, 2019, pursuant to a narcotics search warrant. Dkt. 1 ¶¶ 5-6, 9. Officers located approximately $1,100.00 in Martin-Torres's bedroom and $9,800.00 in Torres's bathroom. *Id.* ¶¶ 8-9. Officers also found inside the residence 1,614 grams of a crystal-like substance, which tested positive for methamphetamine; 148 grams of a white powdery substance, which tested positive for cocaine; and paraphernalia indicative of narcotics sales, including a "digital scale, baggies, glass bong, etc." *Id.* ¶ 8. No employment history was found for either Torres or Martin-Torres. *Id.* ¶ 10. The Drug Enforcement Administration (DEA) adopted the case on September 20, 2019. *Id.* ¶ 5. The currency was combined and has

remained in the custody of the United States Marshals Service within the jurisdiction of this Court. *Id.* In January 2020, Martin-Torres informed DEA Task Force Officer John H. Pelt that he paid Torres rent "with drug proceeds derived from the illegal sale of narcotics." *Id.* ¶ 13.

Pursuant to the District Court's Order (Dkt. 5), the Clerk of Court issued a Warrant for the Arrest of Property for the Respondent Currency on April 16, 2020. Dkt. 6. Notice of the forfeiture was posted on the official government internet website www.forfeiture.gov for at least 30 consecutive days, beginning April 22, 2020, and ending May 21, 2020, as required by Supplemental Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(4)(a)(iv)(C). Declaration of Publication, Dkt. 9. In addition, on May 4, 2020, the Notice of Complaint for Forfeiture and Verified Complaint for Forfeiture were sent to Torres-Muniz, Torres, and Rodolfo Villa Jaimes Torres (Jaimes Torres)[1] via certified mail, return receipt requested, and regular mail. Dkt. 21 at 2. In each instance, the certified mail was returned "Unclaimed," but the regular mail was not returned. *Id.*

Torres filed a claim on June 1, 2020, proceeding *pro se*. Dkt. 16 at 1. Torres's claim did not include each of the elements required under Supplemental Rule G(5)(a)(i). *Id.* The Court ordered Torres to refile his claim in a manner that complied with Supplemental Rule G(5) and granted Torres's motion for an extension of time to refile, but Torres did not refile his claim. *Id.* No other claims or answers were filed, and the time for filing them expired. Accordingly, the District Court granted the Government's Motion to Strike Claim. Dkts. 17, 18. On December 23, 2020, in accordance with Rule 55(a) and pursuant to Petitioner's motion, the Clerk entered default of the Respondent Currency. Dkts. 19, 20. The Government now moves for a default judgment of forfeiture against any and all of the right, title, and interest of Torres, Martin-Torres, Jaimes Torres,

---

[1] Rodolfo Villa Jaimes Torres is not identified in the Verified Complaint.

and any and all other potential claimants, who were served by publication, in the Respondent Currency. Dkt. 21 at 3-4.

### III. Legal Standards

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Court has discretion to enter a default judgment in favor of the United States and against the seized property where no claimant timely files a verified claim or answer. *See United States v. $38,750 U.S. Currency*, 950 F.2d 1108, 1115 (5th Cir. 1992); *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 317 (5th Cir. 1984).

### IV. Analysis

The record in this case establishes that the United States is entitled to default judgment. Petitioner established that the Respondent Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it is property that was used or intended to be used to facilitate unlawful drug crimes in violation of the Controlled Substances Act. Specifically, in its Verified Complaint, Petitioner established that the Respondent Currency is subject to forfeiture for knowing violation of the Controlled Substances Act because it constitutes property involved in a transaction related to a specified unlawful activity (i.e., buying and selling narcotics), is currency traceable to such property, and/or constitutes or is derived from proceeds of drug transactions. This finding is based on the following facts:

(1) the seizure of the large amount of cash;
(2) the absence of legitimate work history to support the large amount of cash for Martin-Torres and Torres;
(3) the cocaine and methamphetamine found in Martin-Torres's and Torres's residence;
(4) the drug paraphernalia consistent with narcotics trafficking; and
(5) Martin-Torres's statement that he paid his father rent with drug proceeds.

Dkt. 1 ¶ 14. Based on these facts, the Court finds that Petitioner has proven by a preponderance of the evidence that there is nexus between the Defendant Currency and violations of the Controlled Substances Act; that the Respondent Currency is subject to forfeiture to the United States of America, pursuant to Title 21 U.S.C. §§ 881(a)(6); and that Torres, Martin-Torres, Jaimes Torres, and any and all other potential claimants, who were served by publication, were properly served with notice of this civil forfeiture action.

The Court also finds that the Clerk's Entry of Default was properly entered, and that Plaintiff has shown that no claims or answers have been filed as required by Supplemental Rule G, 18 U.S.C. §§ 983(a)(4)(A) and (B), and the Court's Order for Warrant of Arrest of Property. Therefore, the Magistrate Court finds that Carlos Torres Munoz, Diego Martin Torres, Rodolfo Villa Jaimes Torres, and any and all other potential claimants, who were served by publication, all are in default, and that Plaintiff's motion should be granted.

## V.     Recommendation

For the foregoing reasons, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion for Default Judgment of Forfeiture (Dkt. 21) and enter a Default Judgment of Forfeiture in favor of Petitioner the United States against the Respondent Currency.

The undersigned **FURTHER RECOMMENDS** that the District Court order that any and all right, title, and interest of Carlos Torres Munoz, Diego Martin Torres, Rodolfo Villa Jaimes Torres, and any and all other potential claimants, who were served by publication, in the Respondent Currency be held in default and forfeited to the United States.

The undersigned **FURTHER RECOMMENDS** that the District Court order that the Respondent Currency be forfeited to the United States and that the United States Marshals Service shall dispose of the Respondent Currency in accordance with law.

The United States District Clerk is **ORDERED** to serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Robert Pitman.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 19, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE